# United States District Court

**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| ARMANDO ESQUIVEL, individually and on behalf of all others similarly situated, | § § § § | |
| v. | § § | CIVIL ACTION NO. 3:26-CV-0236-L |
| CALL-ON-DOC, INC. d/b/a CALL-ON-DOC.COM | § § § | |

### REPORT OF PARTIES' FED. R. CIV. P.  26(f) CONFERENCE

On July 9, 2026, Gerald D. Wells III of Lynch Carpenter, Leigh Montgomery of EKSM, and Camile Alvarez of Strauss Borrelli, counsel for Plaintiffs, and Timothy J. Lowe of McDonald Hopkins, counsel for Defendant, conferred via Zoom regarding the items in Rule 26(f). The parties are concurrently submitting a proposed Scheduling Order, which is attached hereto as Exhibit A.[1]

1.  **Identification of Related Actions.**

Plaintiffs have filed an unopposed motion to consolidate all cases filed in the Northern District of Texas related to the data security incident allegedly affecting Defendant in December 2025. *See Freifeld v. Call-On-Doc, Inc.*, No. 3:26, cv-0200, Doc. 7 (seeking consolidation of nine related actions and appointment of interim class counsel).

While the Court initially rejected the motion to consolidate on a procedural ground, the Parties believe they have cured the court's concern and have renewed their request for the Court to issue an Order consolidating the actions and, as set forth in the proposed Scheduling Order, time

---

[1] Because the Parties jointly believe consolidation of this matter with the other eight related actions is appropriate, they are submitting the same proposed Rule 26(f) report and Scheduling Order in each of the related actions.

to explore early resolution.  Because of the consolidation motions, Defendant has appeared but not responded to all of the Complaints; instead, the Parties have contemplated that Defendant will respond to a single consolidated complaint, should the Court grant consolidation.

**2.      Nature and Basis of the Claims and Defenses.**

Plaintiffs in each of the related actions allege that Defendant's data security practices were negligent and resulted in a December 2025, data breach ("Data Incident") that impacted Plaintiffs' and the putative class's personally identifiable information ("PII") and protected health information ("PHI"), causing them damage. As a result, Plaintiffs in each of the related actions bring overlapping claims against Defendant, including negligence/negligence per se, breach of implied contract, and unjust enrichment, on behalf of themselves and all others impacted by the same Data Incident.

Defendant has complete and affirmative defenses to Plaintiffs' claims. Defendant denies any wrongdoing that caused the Data Incident or that lead to any of the damages allegedly suffered by any Plaintiffs.  Plaintiffs have not alleged – and ultimately cannot establish – any tangible damages in support of their claims.  Moreover, Plaintiffs' breach of implied contract claim is without merit because it lacks consideration; Defendant owed Plaintiffs a preexisting duty only under HIPAA to protect their personal information. Plaintiffs' breach of contract claim also fails because Plaintiffs cannot establish any meeting of the minds as to the terms of the purported contract.  Plaintiffs' unjust enrichment claim fails because there is no inequity or injustice. Plaintiffs and the purported class received the medical services they paid for and there is no contention that Defendant retained any independent benefit.

**3.      Discovery Plan**

      **A.      What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures**

**were made or will be made.**

The Parties agree to exchange Rule 26(a)(1) initial disclosures within 45 days of an order on the pending motion for consolidation and do not propose any changes to the timing, form, or requirement for such disclosures.

### B.    The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues

Generally, the Parties anticipate that discovery will be needed regarding the facts and circumstances surrounding the alleged Data Incident, matters related to class certification, and potential damages. The Parties agree that, other than outlined above, discovery need not be conducted in phases or bifurcated as there is likely to be significant overlap between merit and class certification discovery. The Parties do not propose any additional limitations on discovery.

Plaintiffs anticipate seeking discovery on the following topics: (i) the nature and extent to which Defendant used, maintained, lost, or disclosed Plaintiffs' and Class Members' PII/PHI; (ii) whether Defendant failed to implement and maintain reasonable security procedures and practices appropriate to the nature and scope of the information compromised in the Data Incident; (iii) the degree to which Defendant's data security systems prior to and during the Data Incident complied with the standards articulated in applicable data security laws and regulations; (iv) whether Defendant's data security systems prior to and during the Data Incident were consistent with industry standards; and (v) the existence, nature, and scope of Defendant's data security policies, practices, and employee training regimen.

Defendant anticipates taking discovery on Plaintiffs and putative class's damages; the consideration purportedly paid for any implied contract; the benefits Plaintiffs claim were unjustly

maintained by Defendant; the steps Plaintiffs take to protect their confidential and private information; and other cybersecurity incidents that have impacted the Plaintiffs.

**C.      Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.**

The Parties anticipate negotiating a stipulated ESI Protocol and Protective Order and will submit those within 45 days of an order on the pending motion for consolidation.

**D.      Any issues about claims of privilege or of protection as trial-preparation materials, including the timing and method for complying with Rule 26(b)(5)(A) and—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502.**

Plaintiffs anticipate addressing privilege logs under Rule 26(b)(5)(A) and Fed. R. Evid. 502 in the stipulated ESI Protocol and/or proposed Protective Order.

**E.      What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed.**

At this time, the Parties do not propose any changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure or by local rule and seek to conduct discovery under the Federal Rules of Civil Procedure.

**F.      Any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c)**

The Parties do not propose that any further orders be issued.

**G.  Proposed Case Schedule**

As stated in the proposed Scheduling Order, the Parties agree to the following proposed case schedule:

| Consolidated Complaint Filing; | + 30 days |
|---|---|
| Initial Disclosures (Rule 26(a)(1)); | + 45 days |

| | |
|---|---|
| Defendant's Response to Consolidated Complaint | + 60 days |
| | + 90 days |
| Plaintiffs' Opposition to any Motion to Dismiss | + 105 days |
| Defendant's Reply Supporting Motion to Dismiss | |
| Amendment of Pleadings/Joinder of Parties; | + 120 days |
| Discovery Cutoff; | + 270 days |
| Plaintiff's Expert Reports; | + 300 days |
| Defendant's Expert Reports; | + 330days |
| Rebuttal Experts; | + 360 days |
| Expert Depositions Completed; | + 390 days |
| Deadline to File Motion for Class Certification; | + 420 days |
| Defendant's Opposition to Class Certification; | + 450 days |
| Plaintiff's Reply in Support of Class Certification; | + 465 days |

*/s/ Patrick Yarborough*                    7/20/2026_____
Patrick Yarborough (Texas Bar No. 24084129)    Date
**FOSTER YARBOROUGH**
**KILLINGSWORTH PLLC**
THE LYRIC CENTER
440 Louisiana Street, Suite 1800
Houston, TX 77002
Telephone: (713) 331-5254
Facsimile: (713) 513-5202
Email: patrick@fyktriallaw.com

*Counsel for Plaintiff Armando Esquivel*

5

*/s/ Jesse D. Hoffman*     7/20/2026
Jesse D. Hoffman        Date
State Bar No. 24058801
**MCCATHERN SHOKOUHI & EVANS, PLLC**
3710 Rawlins Street, Suite 1600
Dallas, Texas 75219
Telephone: (214) 741-2662
Facsimile: (214) 741-4717
jhoffman@mccarthernlaw.com

*Counsel for Defendant Call-On-Doc, Inc.,*
*d/b/a Call-On-Doc.com*

# EXHIBIT A

# United States District Court
## NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

DAVID FREIFELD, individually and on behalf of all others similarly situated §
§
§
v. §          CIVIL ACTION NO. 3:26-CV-0200-S
§
§
CALL-ON-DOC, INC. d/b/a CALL-ON-DOC.COM §

## SCHEDULING ORDER

Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure ("FRCP"), the Local Civil Rules of the United States District Court for the Northern District of Texas ("LR"), and the Civil Justice Expense and Delay Reduction Plan of the United States District Court for the Northern District of Texas, the Court **ORDERS** as follows:

1.      This case is set for **JURY** trial on the Court's three-week docket beginning within 90 days of this Court's decision on any Motions for Summary Judgment ("Trial Setting").[1] If the case is not reached at this setting, it will be reset after considering input from the parties. Reset or continuance of the Trial Setting does not alter the deadlines in this Order unless expressly provided by court order.

2.      Defendant has advised the Court  and Plaintiffs of the limited amount of insurance it has to resolve this case. Accordingly, the Parties have agreed to attempt to resolve this matter amongst themselves.  Should that prove unsuccessful, the Parties shall advise the Court by October 21, 2026 of their proposed mediator and the date for their scheduled mediation, which shall occur at least 90 days before the Trial Setting. The parties may not eliminate this requirement or substitute their agreed upon Mediator except by leave of court. All parties must attend the

---

[1] In anticipation of consolidation, the Parties have submitted this same proposed scheduling order in each of the related actions pending before this Court.

39636731.2

mediation in person or by videoconference, as directed by the Mediator. Legal entities must provide a representative with full authority. If there is insurance involved, a representative with full authority must attend. The Mediator shall contact the Court directly if this deadline needs to be extended or if other requirements need to be altered.

3.      The parties[2] may by written agreement alter the deadlines in this paragraph without the need for court order. Where the Court enters an Order of consolidation, such Order shall serve as the starting point for all pre-certification deadlines set forth below, and all such deadlines shall run from the date of the consolidation Order. Pre-certification deadlines are as follows:

| | |
|---|---|
| Consolidated Complaint Filing; | + 30 days |
| Initial Disclosures (Rule 26(a)(1)); | + 45 days |
| Defendant's Response to Consolidated Complaint | + 60 days |
| Plaintiffs' Opposition to any Motion to Dismiss | + 90 days |
| Defendant's Reply Supporting Motion to Dismiss | + 105 days |
| Amendment of Pleadings/Joinder of Parties; | + 120 days |
| Discovery Cutoff; | + 270 days |
| Plaintiff's Expert Reports; | + 300 days |
| Defendant's Expert Reports; | + 330days |
| Rebuttal Experts; | + 360 days |
| Expert Depositions Completed; | + 390 days |
| Deadline to File Motion for Class Certification; | + 420 days |
| Defendant's Opposition to Class Certification; | + 450 days |

---

[2] The Parties have utilized the Court's form scheduling order template, but have amended Paragraphs 3 and 4 as necessary to address the procedural and substantive issues arising from the putative class action nature of this matter.

2

39636731.2

| Plaintiff's Reply in Support of Class Certification; | + 465 days |
|---|---|
| Hearing on Motion for Class Certification. | TBD By Court |

4.     Upon the Court's decision on any motion for class certification, all dispositive motions, including motions for summary judgment or objections to expert testimony, must be filed within 90 days of this Court's Order regarding class certification.[3] Parties may not alter this deadline by agreement. All such deadlines shall run from the date of the Order regarding certification as follows:

| Motion for Summary Judgment Filing Deadline; | + 90 days |
|---|---|
| Parties' Brief in Support/Opposition of MSJ Deadline; | + 120 days |
| Parties Reply Brief Deadline. | + 135 days |

5.     A motion or objection to the taking of a deposition that is filed within five business days of the notice has the effect of staying the deposition pending court order on the motion or objection; otherwise, the deposition will not be stayed except by court order.

6.     The parties shall file all pretrial materials 21 days before the Trial Setting. Failure to timely file pretrial materials may result in dismissal for want of prosecution. Pretrial materials shall include the following:

     a.     Pretrial order pursuant to LR 16.4;

     b.     Exhibit lists, witness lists, and deposition designations pursuant to LR 26.2 and FRCP 26(a)(3). Witness lists should include a brief summary of the substance of anticipated testimony (not just a designation of subject area)

---

[3] If deemed necessary, within seven (7) days of the Court's decision on any motion for class certification, the parties shall submit a joint status report advising the Court as to whether additional discovery is needed and, if so, proposing a schedule for the completion thereof.

39636731.2

and the likelihood of testimony at trial. Exhibit lists must include any materials to be shown to the jury, including demonstrative aids;

c.    Proposed jury charge or proposed findings of fact and conclusions of law. Such documents shall be both e-filed and emailed in "Word" format to. Any objections to the proposed jury charge shall be filed no later than five days before the final pretrial conference. Objections not so disclosed are waived unless excused by the Court for good cause;

d.    Motions in limine;

e.    Requested voir dire questions.

7.    The pretrial conference shall be held on the Monday before Trial Setting, **at 1:30 p.m.** Lead counsel must attend. The parties shall be prepared to address all exhibits, witnesses, deposition excerpts, motions in limine, trial briefs, requested voir dire questions, and any objections to such filings. The Court expects the parties to have conferred and to reach agreement where possible prior to the final pretrial conference.

8.    Continuance of the Trial Setting, dispositive motions deadline, and/or the final pretrial conference requires leave of court with a showing of good cause. Motions may become moot due to trial if filed after the deadlines in this Order.

**SO ORDERED.**

SIGNED _____, 2026.

_____
**KAREN GREN SCHOLER**
**UNITED STATES DISTRICT JUDGE**

4

39636731.2